No. 41.—HARDY GRIFFIN, plaintiff in error, *vs.* FRANCIS THOMAS AND ANDREW Y. HAMPTON, defendants in error.

Pending suit against a principal and endorser jointly, the endorser paid the note. *Held*, that this payment was a bar to the further prosecution of the suit, even though the further prosecution of it might be at the instance, and for the benefit of the endorser.

*Assumpsit,* from Dougherty Superior Court. Decision by Judge ALLEN, June Term, 1856.

Upon the call of this case for trial in the Court below, defendant's counsel moved that it be entered settled, upon the ground of payment *puis darrien continuance,* by his co-defendant Andrew Y. Hampton.

It was admitted that Andrew Y. Hampton was the endorser and Hardy Griffin the maker of the note sued on, and that Hampton had, pending the suit, paid off the same in full, and all the costs of suit. The question was, whether such payment was a bar to the further prosecution of the action.

The presiding Judge *held* that payment by a co-defendant, being an endorser, did not bar or extinguish the action as to the maker, and that the same could proceed for the benefit of the endorser, and refused the motion; and defendant Griffin excepted.

SLAUGHTER, for plaintiff in error.

STROZIER; R. H. LYON, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

There can be no doubt but that the payment of the note by Hampton, the endorser of it, to Thomas, the plaintiff in the suit, was a bar to the suit considered as a suit at the instance of *Thomas;* and a bar in favor of *Griffin, the principal,* as well as in favor of Hampton, the endorser. *Burge on Suretyship,* 354.

The question therefore is, whether Hampton, by paying off the note could take the place in the suit of Thomas, the plaintiff, and have rights there that Thomas himself could not have had.

And we think that he could not.

He certainly could not by common law or by equity. 20 *ibid.*

Nor could he by any statute. Of the many statutes on the subject, not one gives the endorser such a right. Those statutes are all confined to cases in which the payment by the surity is made *after judgment*. *Cobb's Dig.* 592—598. There is, then, no law by which he could.

We think, therefore, that the Court below erred in not sustaining the motion.

Judgment Reversed.